IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **CASE NO. 8:03CR442** |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **MEMORANDUM AND ORDER** |
| ) | |
| **JERMAINE RUCKER** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court for initial review of the defendant's "Motion to Vacate, Set Aside and Correct Sentence" pursuant to 28 U.S.C. § 2255 (§ 2255 Motion) (Filing No. 40).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After a plea of guilty to Count I of the indictment, conspiracy to distribute narcotics, the defendant was sentenced to 48 months in the custody of the Bureau of Prisons followed by five years of supervised release. (Filing No. 36). As a condition of his plea agreement, "defendant . . . knowingly and expressly waive[d] any and all rights to contest the defendant's conviction of the subject charge(s) in any post-conviction proceeding, including any proceedings under Title 28 U.S. C. § 2255." (Filing No. 32). This waiver

was subject to certain exceptions, including the right to seek relief based on ineffective assistance of counsel or prosecutorial misconduct if the grounds for such claims are not known to defendant or reasonably knowable by the defendant at the time he entered the plea agreement.

Here, defendant challenges his conviction and sentence on the ground that a material, false assumption at the time of sentencing rendered the entire sentencing procedure invalid as a violation of defendant's due process rights. Specifically, defendant claims that because the court sentenced defendant to attend a Boot Camp program for the last 24 months of his sentence, and that program is no longer in existence, the court's sentence was based on a material false assumption and is invalid.

But, because defendant's § 2255 Motion is based on a claim that does not involve ineffective assistance of counsel, or prosecutorial misconduct, defendant waived his right to file his § 2255 Motion.

THEREFORE, IT IS ORDERED:

1. Defendant's "Motion to Vacate, Set Aside, and Correct Sentence" pursuant to 28 U.S.C. § 2255 (Filing No. 40) is summarily dismissed;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 7th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge